UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AZ EL ARAB FAQIR, individually and on behalf of all others
similarly situated,

|  |  |
|---|---|
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| -against- |  |
| AEREA SALON NYC INC., ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS, as individuals, | **JURY TRIAL REQUESTED** |
| Defendants. |  |

------------------------------------------------------------------------X

Plaintiff, **AZ EL ARAB FAQIR**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **AEREA SALON NYC INC., ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 51 W 21st St., Ground Floor, New York, NY 10010.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff AZ EL ARAB FAQIR residing at Bronx, NY 10462 was employed by AEREA SALON NYC INC., from in or around February 2019 until in or around October 2022.

8. Defendant, AEREA SALON NYC INC., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 51 W 21st St., Ground Floor, New York, NY 10010.

9. Upon information and belief, Defendants ELIZABETH CHRISTENSEN, known to Plaintiff as "Liz" and ALEX PAPAGIANNIS are the owners of AEREA SALON NYC INC.

10. Upon information and belief, Defendants ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS are agents of AEREA SALON NYC INC.

11. Upon information and belief, ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS are responsible for overseeing all daily operations of AEREA SALON NYC INC.

12. Upon information and belief, ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS have power and authority over all the final personnel decisions of AEREA SALON NYC INC.

13. Upon information and belief, ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS have the power and authority over all final payroll decisions of AEREA SALON NYC INC., including the Plaintiff.

14. Upon information and belief, ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS have the exclusive final power to hire the employees of AEREA SALON NYC INC., including the Plaintiff.

15. Upon information and belief, ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS have exclusive final power over the firing and terminating of the employees of AEREA SALON NYC INC., including Plaintiff.

16. Upon information and belief, ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS are responsible for determining, establishing, and paying the wages of all employees of AEREA SALON NYC INC., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

17. Accordingly, at all relevant times hereto, Defendants ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

18. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that AEREA SALON NYC INC.  (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## **FACTUAL ALLEGATIONS**

19. Plaintiff AZ EL ARAB FAQIR was employed by AEREA SALON NYC INC., as a hairdresser, hair washer, and haircutter while performing related miscellaneous duties for the Defendants, from in or around February 2019 until in or around February 2020 and from in or around November 2020 until in or around October 2022.

20. Plaintiff did not perform work for the Defendants during the pandemic from in or around March 2020 until in or around October 2020.

21. Plaintiff AZ EL ARAB FAQIR regularly worked six (6) days per week from in or around February 2019 until in or around December 2021 and three (3) days per week from in or around January 2022 until in or around October 2022.

22. Plaintiff AZ EL ARAB FAQIR regularly worked a schedule of shifts beginning at approximately:

3

     i.    11:00 a.m. each workday and regularly ending at approximately 8:00 p.m., or later, four (4) days per week; and from 10:00 a.m. each workday and regularly ending at or around 7:00 p.m., or later, two (2) days per week, from in or around February 2019 until in or around February 2020 and from in or around November 2020 until in or around December 2021; and

    ii.    11:00 a.m. each workday and regularly ending at approximately 8:00 p.m., or later, once each week; and from 10:00 a.m. each workday and regularly ending at or around 7:00 p.m., or later, two (2) days per week, from in or around January 2022 until in or around October 2022.

23. Thus, Plaintiff was regularly required to work fifty-four (54) hours or more hours, each week from in or around February 2019 until in or around February 2020 and from in or around November 2020 until in or around December 2021; and twenty-seven (27) hours or more hours each week from in or around January 2022 until in or around October 2022.

24. Plaintiff AZ EL ARAB FAQIR was paid by Defendants a flat daily rate of approximately:

     i.    $200.00 per day for all hours worked from in or around February 2019 until in or around December 2021; and

    ii.    $250.00 per day for all hours worked from in or around January 2022 until in or around October 2022.

25. Although Plaintiff regularly worked fifty-four (54) hours or more hours each week from in or around February 2019 until in or around February 2020 and from in or around November 2020 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Additionally, Defendants paid Plaintiff AZ EL ARAB FAQIR on a bi-weekly basis during his employment, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

27. Despite being a manual worker, Defendants failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned.

28. Furthermore, Plaintiff was not compensated at all for his last 3 days of employment by the Defendants.

29. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

30. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

31. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

32. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

33. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

35. Collective Class: All persons who are or have been employed by the Defendants as hairdressers, hair washers, haircutters or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

36. Upon information and belief, Defendants employed at least 10 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

37. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

38. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

39. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

40. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

41. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

42. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

43. The claims of Plaintiff are typical of the claims of the whole putative class.

44. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

45. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FIRST CAUSE OF ACTION**

### **Overtime Wages Under The Fair Labor Standards Act**

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

48. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

49. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

51. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

52. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

55. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

56. Due to Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

60. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

61. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, his unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

65. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

67. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

71. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants failed to provide Plaintiff with a written notice, in English (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

74. Defendants are liable to Plaintiffs in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid wages;

d. Awarding Plaintiff's unpaid wages for Defendants' failure to timely pay Plaintiff's wages;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   December 23, 2022
         Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZ EL ARAB FAQIR, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

AEREA SALON NYC INC., ELIZABETH CHRISTENSEN and ALEX PAPAGIANNIS, as individuals,

Defendants,

**COLLECTIVE ACTION COMPLAINT**

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

<u>To</u>:

**Via Secretary of State:**
<u>**AEREA SALON NYC INC.**</u> **(DOS ID#4638721)**
51 W 21st St., Ground Floor, New York, NY 10010

**Via Personal Service:**
<u>**AEREA SALON NYC INC.**</u>
51 W 21st St., Ground Floor, New York, NY 10010
<u>**ELIZABETH CHRISTENSEN**</u>
51 W 21st St., Ground Floor, New York, NY 10010
<u>**ALEX PAPAGIANNIS**</u>
51 W 21st St., Ground Floor, New York, NY 10010