**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

AZ EL ARAB FAQIR,

                           Plaintiff,                            **22-CV-10863 (VF)**

         -against-                                  **<u>ORDER OF DISMISSAL</u>**

AEREA SALON NYC INC., ET AL.,

                           Defendants.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement to resolve the action, have placed their proposed amended settlement agreement before this Court for approval. <u>See</u> <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).

In response to the Court's June 25, 2025 Order (ECF No. 42), and subsequent order of extension (ECF No. 44), on August 25, 2025, the parties submitted a joint letter motion for approval of their proposed settlement agreement (the "Agreement"). <u>See</u> ECF No. 45. On December 8, 2025, the Court issued an Order directing that Plaintiff file contemporaneous billing records, attorney qualifications, and documentation of expenses. ECF No. 47. On December 12, 2025, Plaintiff filed the requested documents. ECF No. 48.

The Court has reviewed the Agreement, corresponding letter, and supporting documentation in order to determine whether the Agreement represents a reasonable compromise of the claims asserted in this action. The total amount allocated to Plaintiff's counsel in

attorney's fees ($9,448.33) is not greater than one-third of the settlement amount. And although

counsel is separately seeking $1,655 in costs, courts have approved fee awards even where the

combined attorney's fee and costs amount exceeded one-third of the settlement amount. See,

e.g., Myers v. Life Alert Emergency Response, Inc., No. 23-CV-03609 (ER), 2024 WL 422057,

at *2 (S.D.N.Y. Jan. 5, 2024) ("The Court further concludes that the proposed attorney fees and

costs are reasonable. [Plaintiff's] counsel will receive $10,318 for fees and costs, which is about

34.4% of the total settlement. The amount requested in attorney fees is $9,841, which is one-

third of the net settlement amount after deducting litigation costs.") (internal citations omitted);

Araus v. Primos Live Poultry Inc., No. 24-CV-1044 (MKV), 2025 WL 2998059, at *2 (S.D.N.Y.

Sept. 23, 2025) (approving settlement where "[t]he proposed attorneys' fees represent

approximately one-third of the total settlement amount after deducting costs").

In light of the totality of the relevant circumstances, including the representations made in

the parties' letter and the terms of the proposed settlement Agreement, it is hereby **ORDERED**

that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable,
   and adequate, both to redress Plaintiff's claims in this action and to compensate
   Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. This Court will retain jurisdiction over this matter for the purpose of enforcing the
   settlement agreement, if necessary.

3. As a result of the Court's approval of the parties' proposed settlement, this action is
   hereby discontinued with prejudice and without costs, provided, however, that, within 30
   days of the date of this Order, if any aspect of the written documentation of the settlement

is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4. The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED:      New York, New York
            December 15, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge